### 8430. CARTER *v.* BRIGGS.

The court erred in not sustaining the demurrer on the ground that the superior court of Lowndes county had no jurisdiction, and in directing a verdict for the plaintiff.
DECIDED NOVEMBER 1.—REHEARING DENIED NOVEMBER 17, 1917.

Complaint; from Lowndes superior court—Judge Patterson presiding. November 18, 1915.

*Dan R. Bruce,* for plaintiff in error.

*Woodward & Smith,* contra.

BLOODWORTH, J. Mrs. Julia L. Briggs brought suit in the superior court of Lowndes county against C. C. Carter, a resident of Echols county, and S. S. Carter, a resident of Lowndes county, in which she alleged that she was the owner of and claimed title to a certain tract of land in Lowndes county, and that said C. C. Carter and S. S. Carter were in possession of said land, enjoying the rents and profits thereof, amounting to $200 per annum. She further alleged that she claimed title to said land from J. T. Brown, by warranty deed; that defendants also claimed title under the said J. T. Brown; that the title of defendants is invalid as against petitioner, and that defendants' claim arose as follows: that the said J. T. Brown agreed to sell C. C. Carter the land in controversy for $1,500, part payable in cash and balance on credit; that bond for title was given by said J. T. Brown to said C. C. Carter, conditioned to convey to the said C. C. Carter the land upon payment of the full purchase-price thereof; that when said bond for title was given and notes executed in accordance therewith, the said Brown admitted the said Carter into possession of said land; that after said C. C. Carter had paid all of the purchase-price of said land except a note for $900, with interest and attorney's fees, petitioner purchased said note, which was indorsed and transferred to her by the said J. T. Brown; that she made demand for payment of the note upon said C. C. Carter, and that said S. S. Carter was a tenant of said C. C. Carter, and, as said tenant, was in possession of the land. The prayers of the petition were as follows: "(*a*) That the legal title to said land be found to be in petitioner, as security for the note executed by the said C. C. Carter as aforesaid, and that the amount due thereon be ascertained and declared. (*b*) That the court do adjudge and decree that the land be sold, and that the proceeds be applied as follows: first to the payment of the cost of this proceeding and of the sale, then to the payment of said note, principal, interest, and attorney's fees, and that the remainder of the proceeds, if any, be paid to the said C. C. Carter or his order."

C. C. Carter filed a demurrer to the petition, on several grounds,

12

one of which was as follows: "This defendant demurs to and moves to dismiss plaintiff's petition, because it seeks relief cognizable only in a court of equity, and, there being no substantial relief prayed as against S. S. Carter, this court is without jurisdiction to entertain said petition and to grant plaintiff the relief prayed for, but that Echols superior court is the proper court, and the only court that has jurisdiction either of the subject-matter of plaintiff's cause of action, if any she has, or of this defendant." The court overruled this and other grounds of the demurrer, and the case proceeded to trial, and resulted in a verdict, directed by the court, which is as follows: "We, the jury, find the issues in said case for the plaintiff against the defendants in said case. We further find the legal title to the land sued for to be in the plaintiff as security for the debt therein set out. We further find the amount due on said note to be the sum of nine hundred dollars principal, two hundred and seven dollars interest to judgment. We further find that said property be sold as prayed. This Nov. 18, 1915. J. B. Martin, foreman." Upon this verdict a decree was entered, and the defendant carried the case to the Supreme Court by writ of error. On December 15, 1916, the Supreme Court issued a rule nisi, calling upon counsel in this and other cases to "show cause before this court, in writing, on or before Wednesday, December 27, 1916, at 9 o'clock a. m., why such cases should not be transferred to the Court of Appeals. If no sufficient cause to the contrary is shown within the time herein limited, all such cases are hereby transferred to that court as of December 27, 1916." To this rule nisi the plaintiff in error made answer in part as follows: "1st. That the same is an equity cause; for which reason the Supreme Court has exclusive jurisdiction thereof. 2d. That the same is a suit respecting titles to land; for which reason the Supreme Court has exclusive jurisdiction thereof." The Supreme Court took this answer under advisement, overruled it, and, by order dated January 27, 1917, transferred the case to this court.

1. The effect of the ruling of the Supreme Court is that this is not an equity cause, nor a suit respecting title to land.

2. The only other construction that can be put upon the petition is that it is a suit on the note for the balance of the purchase-price of the land.

3. As C. C. Carter, the only person who signed the note, is shown by the record to be a resident of Echols county, the superior court of Lowndes county has no jurisdiction in this case, and the ground of the demurrer which set up lack of jurisdiction should have been sustained. This error rendered all subsequent proceedings nugatory; and the court erred in directing a verdict for the plaintiff.

*Judgment reversed. Broyles, P. J., and Harwell, J., concur.*